1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK J. BLOODWORTH,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>TERESA KRALL, et al.,<br><br>　　　　　　　　　　　　　　　Defendants. | CASE NO. 09 CV 2671 MMA (CAB)<br><br>**ORDER RE: DEFENDANTS'<br>MOTION TO DISMISS PLAINTIFF'S<br>FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 21] |

　　　　Plaintiff Derek J. Bloodworth, an individual formerly incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding *pro se*, has filed a First Amended Complaint alleging various violations of his civil rights. Defendants move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. Plaintiff filed an opposition to the motion, and Defendants replied. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

///
///
///
///
///
///

## BACKGROUND

At the time of the events alleged in the First Amended Complaint ("FAC"), Plaintiff was an inmate at R. J. Donovan Correctional Facility, suffering from severe depression, suicidal ideations, and Post Traumatic Stress Syndrome ("PTSD").[1]  As such, Plaintiff was placed in the mental health program and classified at the Enhanced Outpatient ("EOP") level of care.[2]  Plaintiff alleges that because of this classification, he received only 45 minutes of daily outdoor yard access, compared to prisoners in the general population, who received 6 hours of daily outdoor yard access.  Plaintiff also alleges that EOP prisoners only received 9 hours per week of law library access, whereas general population inmates received 33 hours per week of law library access.  Compared to general population inmates who were allowed to eat their meals at a "civilized pace," Plaintiff alleges that EOP inmates were rushed through meals and subjected to verbal abuse by prison staff while eating.  Plaintiff submitted numerous administrative grievances addressing these inadequacies.

Plaintiff discussed his concerns regarding yard access, library time, and treatment during meals with Defendant Krall, the staff psychiatrist overseeing his care.  Defendant Krall threatened to remove Plaintiff's EOP classification and end his mental health treatment if he persisted with filing grievances.  Defendant Krall changed the frequency of her sessions with Plaintiff, and Plaintiff filed administrative grievances regarding her retaliatory conduct and failure to treat Plaintiff on a weekly basis.  Plaintiff requested a new doctor.  Thereafter, Defendant Krall made

---

[1]  Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[2]  EOP "provides care to mentally disordered inmate-patients who would benefit from the structure of a therapeutic environment that is less restrictive than inpatient settings." *Coleman v. Schwarzenegger*, No. Civ. 90-0520 (E.D. Cal. 2006), Doc. No. 1753-2. Such therapy may include responses to symptoms that may be "managed as outpatient therapy with several psychotherapy sessions or medication adjustment with follow-up visits." *Id* (as cited in *Ruiz v. Kelly*, 2009 U.S. Dist. LEXIS 105441 (E.D. Cal. Nov. 10, 2009)). Plaintiff refers throughout his FAC to the *Coleman* class action and avers that he is a class member. *See Coleman v. Wilson*, 912 F.Supp.1282 (E.D. Cal. 1995). To the extent Plaintiff's FAC contains allegations based on Defendants' violation of the *Coleman* consent decree, Plaintiff must pursue any such claim through the consent decree or class counsel. *Valdez v. Forte*, 2010 U.S. Dist. LEXIS 128128 (E.D. Cal. Nov. 19, 2010) (citing *Frost v. Symington*, 197 F.3d 348, 359 (9th Cir. 1999)).

hurtful comments to Plaintiff in the presence of other inmates during group therapy sessions. Defendant Krall eventually informed Plaintiff that if he was healthy enough to file grievances, he was no longer suffering from depression and she would remove him from the EOP program.

Subsequent to Plaintiff's declassification, Drs. Preston and Pena evaluated him, and Dr. Watson took over as his new treating physician. Drs. Preston and Pena indicated to Plaintiff that they would attempt to have Plaintiff reclassified as an EOP inmate. Dr. Watson conducted the necessary interview, but after speaking with Dr. Krall, Dr. Watson informed Plaintiff that he would not be reinstated to the EOP program. Plaintiff alleges he was removed from the EOP program for non-medical reasons, but rather in retaliation for filing administrative grievances, and as a result he suffered from the lack of treatment for his depression and PTSD.

## DISCUSSION

### 1.    Legal Standard

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). "The old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S.__ , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

  2.  *Standards Applicable to Pro Se Litigants*

  Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).  "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."  *Jones*, 733 F.2d at 649 (internal quotation omitted).

  The court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)).  Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies.  *Karim-Panahi*, 839 F.2d at 623-24.  But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate.  *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

  3.  *ADA and Rehabilitation Act Claims*

  Plaintiff claims that Defendants discriminated against him and other similarly situated mentally disabled prisoners by failing to provide them with reasonable accommodations at the prison's EOP facility.  Plaintiff also alleges that Defendants denied him and the other EOP inmates programs and services equivalent to those enjoyed by general population inmates.

  Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("RA") "both prohibit discrimination on the basis of disability."  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a

1   disability shall, by reason of such disability, be excluded from participation in or be denied the

2   benefits of the services, programs, or activities of a public entity, or be subject to discrimination by

3   such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified

4   individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the

5   participation in, be denied the benefits of, or be subjected to discrimination under any program or

6   activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794.  Title II of the ADA and

7   the RA apply to inmates within state prisons.  *Pennsylvania Dept. of Corrections v. Yeskey*, 524

8   U.S. 206, 210 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997); *Duffy v.*

9   *Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996).

10       "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

11   qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

12   discriminated against with regard to a public entity's services, programs, or activities; and (3) such

13   exclusion or discrimination was by reason of [his] disability."  *Lovell*, 303 F.3d at 1052.  "To

14   establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within

15   the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he]

16   was denied the benefit or services solely by reason of [his] handicap; and (4) the program

17   providing the benefit or services receives federal financial assistance."  *Id.*  "To recover monetary

18   damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional

19   discrimination on the part of the defendant," and the standard for intentional discrimination is

20   deliberate indifference.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

21   "Deliberate indifference requires both knowledge that a harm to a federally protected right is

22   substantially likely, and a failure to act upon that likelihood."  *Id.* at 1139 (citing *City of Canton v.*

23   *Harris*, 489 U.S. 378, 389 (1988)).

24       Treatment or lack of treatment for Plaintiff's mental health issues does not provide a basis

25   upon which to impose liability, and this is fatal to his claims.  *See Burger v. Bloomberg*, 418 F.3d

26   882, 883 (8th Cir. 2005) (per curiam) (finding medical treatment not basis for ADA claims);

27   *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (finding RA, like ADA,

28   was never intended to apply to decisions involving medical treatment); *Fitzgerald v. Corr. Corp.*

*of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (finding medical decisions not ordinarily within scope of the ADA); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Thus, Plaintiff's claims that Defendants violated the ADA and RA by denying Plaintiff mental health care do not state a cognizable ADA or RA claim. Plaintiff's claims regarding limited time to eat meals, exercise, and use the library also fail to state a cognizable ADA or RA claim. Plaintiff has not alleged that he was denied the benefit of the prison's services, programs, or activities. Rather, he affirmatively pleads that he and the other EOP inmates were provided consistent weekly access to the same services, programs, and activities as the general population inmates, while also having access to ongoing mental health treatment and programs. Accordingly, Plaintiff fails to state a cognizable ADA or RA claim against any of the defendants named in this action.

       *4.    Eighth Amendment Claims*

Plaintiff alleges that Defendants violated his Eighth Amendment rights when they removed him from the EOP program at substantial risk to his mental health and in spite of his serious medical needs.

An inmate has an Eighth Amendment right to adequate physical and mental health care. *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference to the serious medical needs of an inmate is not only inconsistent with the basic standards of decency but, more importantly, is antithetical to the Eighth Amendment's proscription of "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). A determination of deliberate indifference involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could "result in further significant injury" or "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Such indifference may be manifested when "prison officials deny, delay[,] or intentionally interfere with medical treatment,

or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Mere negligence in responding to and treating a medical condition, however does not rise to the standard of deliberate indifference. *Estelle*, 429 U.S. at 106.

It is well established that "a convicted prisoner is entitled to psychological or psychiatric care for serious mental or emotional illness," *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 763 (3d Cir. 1979), and there is "no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart." *Id.* (internal citation omitted); *see also, Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements); *Capps v. Atiyeh*, 559 F. Supp. 894, 916 (D. Ore. 1983) (inmate suffers Eighth Amendment pain whenever he must endure untreated serious mental illness for any appreciable length of time).  However, an Eighth Amendment claim will fail if the need was not serious, or if the defendants did not exhibit deliberate indifference in providing diagnostic services and treatment.

Taking all of his allegations as true, Plaintiff fails to state a deliberate indifference claim under section 1983.  Depression and PTSD certainly constitute serious medical conditions. However, the allegations in the FAC do not meet the requisite standard for deliberate indifference. "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health.'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *see Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (mere disagreement with treatment does not support a claim of deliberate indifference).

None of the Defendants' actions, as alleged in the FAC, rose to the level of "offend[ing] 'evolving standards of decency.'" *Estelle*, 429 U.S. at 106.  Rather, Plaintiff's allegations demonstrate that he received more than adequate treatment for his mental health needs, which varied only subsequent to examination, diagnosis, and consultation by multiple mental health care practitioners at the prison.  In fact, Plaintiff's allegations show that Defendants took affirmative

1  steps to accommodate Plaintiff – hardly a display of deliberate indifference.  For example, when

2  Plaintiff complained about the treatment he received from Defendant Krall, he was assigned a new

3  treating clinician, Defendant Watson.  He was separately evaluated by two additional staff

4  members, and a committee of mental health personnel reviewed his case.  Plaintiff's dissatisfaction

5  with the conclusions of the mental health staff amounts to a classic disagreement between a

6  prisoner and prison doctors over the anticipated course of treatment, not a constitutional

7  deprivation, particularly given Plaintiff's failure to allege any excessive risk to his health beyond a

8  formulaic recitation of the Eighth Amendment standard.  Thus, his Eighth Amendment claim fails.

9          5.       *Fourteenth Amendment Claims*

10         Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by failing to

11  provide adequate medical care.  "[W]here a particular amendment provides an explicit textual

12  source of constitutional protection against a particular sort of government behavior, that

13  Amendment, not the more generalized notion of substantive due process, must be the guide for

14  analyzing a plaintiff's claims."  *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations,

15  internal quotations, and brackets omitted), overruling on other grounds recognized by *Nitco*

16  *Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089-90 (9th Cir. 1997).

17         The Court finds that the Due Process Clause of the Fourteenth Amendment does not

18  provide any more substantive protection than the Eighth Amendment with respect to Plaintiff's

19  inadequate medical treatment claims.  Accordingly, the Court finds that the Fourteenth

20  Amendment does not provide an alternative basis for relief for Plaintiff's claims.  *See Whitley v.*

21  *Albers*, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (Due Process Clause does not

22  provide an alternative or greater source of relief for claims where Eighth Amendment serves as

23  primary source of substantive protection to convicted prisoners).

24          6.       *First Amendment Claim*

25         Plaintiff claims that Defendants retaliated against him for exercising his First Amendment

26  right to file grievances against the government.  According to Plaintiff, "the ultimate question for a

27  jury to decide is whether Plaintiff was removed from the EOP program because he was 'cured' of

28  his depression by defendant Krall or he has removed from his intense therapy treatment because of

his numerous complaints against prison officials." *See Plaintiff's Opposition*, 5.

In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995); *Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that Defendants Krall, Rivera, Livesay, Watson, and McCarthy violated his First Amendment rights. With respect to Defendant Krall, he adequately alleges that she committed an "adverse action" by removing him from the EOP program due to his participation in the protected activity of filing administrative grievances. He also alleges that her retaliatory conduct adversely affected his mental health treatment. An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989). Plaintiff further alleges that Defendant Krall informed Plaintiff he would be removed from the EOP program because if he was "well enough" to file administrative grievances he was no longer suffering from depression. Plaintiff claims that Defendant Krall removed him from the EOP program for non-medical reasons, particularly his filing of numerous administrative grievances. These allegations are sufficient to state a First Amendment retaliation claim against Defendant Krall.

As to the other defendants, Plaintiff takes issue with the processing, handling, and reviewing of his administrative grievances by Defendants Livesay, McCarthy, Rivera, Neotti, Valdez, and Morris. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)

accord *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10. Actions in reviewing, processing, or handling a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. *Buckley*, 997 F.2d at 495. Thus, these allegations do not assist Plaintiff in his attempt to state a plausible First Amendment claim as to any defendant other than Defendant Krall.

       *7.    State Law Claims*

       Plaintiff alleges three causes of action arising under California state law for conspiracy, medical malpractice, and violation of California Government Code section 845.6. Under the California Tort Claims Act, a plaintiff may not maintain an action for damages against a public employee unless he timely files a notice of tort claim. Cal. Gov't Code §§ 905, 911.2, 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, to raise a state claim against Defendants, Plaintiff must allege facts demonstrating compliance with the presentation requirement of the California Tort Claims Act ("CTCA"). *State of California v. Superior Court*, 32 Cal.4th 1234, 1243-44 (2004); *Snipes v. City of Bakersfield*, 145 Cal.App.3d 861, 865 (Cal. App. 1983). When a plaintiff fails to allege compliance, it is fatal to the cause of action and results in the dismissal of the state law claim. *Id.*; *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969). Plaintiff fails to allege that he complied with the California Tort Claims Act prior to initiating this action. Failure to aver compliance with the CTCA subjects the state law claims to dismissal. Having failed to demonstrate compliance with the CTCA, Plaintiff cannot proceed on any state law claims.

       Furthermore, Defendants request that the Court take judicial notice of a certified declaration from the California Victim's Compensation and Government Claims Board stating that there is no record of Plaintiff having filed a claim for any of the causes of actions alleged in his

1    FAC prior to the commencement of this litigation.  Pursuant to Federal Rule of Evidence 201,

2    judicial notice of public records is proper and in ruling on a motion to dismiss, the Court may

3    consider documents outside the pleadings without the proceeding turning into summary judgment.

4    *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Plaintiff does not contest

5    this evidence, from which it appears that he did not submit a tort claim within the time and in the

6    manner prescribed by state law.  Thus, he did not fulfill the necessary prerequisite to bringing his

7    state law claims.

8         *8.     Leave to Amend*

9         Plaintiff does not fail to state plausible claims due to lack of familiarity with pleading

10   requirements.  The facts he alleges do not rise to the level of violations of his constitutional rights,

11   with the sole exception of his First Amendment retaliation claim against Defendant Krall, and

12   amendment of his federal claims would be futile.  Plaintiff failed to comply with the CTCA prior

13   to filing suit, thus amendment of his state law claims would be futile as well.  *Noll v. Carlson*, 809

14   F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.

15   1980)).  Accordingly, the Court shall not grant Plaintiff further leave to amend his pleadings.

16                                    CONCLUSION

17        Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss in substantial

18   part and Plaintiff's claims against Defendants Neotti, Morris, Valdez, Rivera, McCarthy, and

19   Watson are **DISMISSED** with prejudice.  The Court **DENIES** Defendants' motion to dismiss in

20   part and finds Plaintiff has stated a plausible claim for relief under the First Amendment against

21   Defendant Krall.  All other claims against Defendant Krall are dismissed with prejudice.

22        Thus, this action shall proceed on the sole remaining cause of action against Defendant

23   Krall for violation of the First Amendment.

24        **IT IS SO ORDERED**.

25   DATED:  March 22, 2011

26

27                                    Hon. Michael M. Anello
                                      United States District Judge

28